# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Steven K. Wilson,
    Petitioner

vs.                                                                  Case No. 1:04cv542
                                                                            (Spiegel, Sr.J.; Hogan, M.J.)

Ernie Moore,
    Respondent

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 10), which is opposed by petitioner (Doc. 13).

    In the motion to dismiss (Doc. 10), respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this action, petitioner is challenging his February 5, 2002 conviction for murder with firearm specification in the Butler County, Ohio, Court of Common Pleas. (*See* Doc. 10, Exs. 6-7). Petitioner was sentenced to consecutive terms of imprisonment of fifteen (15) years to life for the murder offense and three (3) years on the firearm specification. (*See id.*, Ex. 7).

With the assistance of his trial counsel, petitioner timely appealed his conviction to the Ohio Court of Appeals, Twelfth Appellate District. On October 28, 2002, the Court of Appeals issued an Opinion and Judgment Entry affirming the trial court's judgment. (*Id.,* Ex. 10). Apparently, petitioner did not attempt to file a timely appeal from this decision to the Ohio Supreme Court. (*Id.,* Brief, p. 4; Doc. 13, Argument, p. 1).

Instead, over a year later, on November 4, 2003, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court. (*Id.,* Exs. 11-12). On December 10, 2003, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal without opinion. (*Id.,* Ex. 13).

Nearly six months later, petitioner initiated the instant federal habeas corpus action. The petition was signed by petitioner on July 6, 2004 and was stamped as "filed" on July 26, 2004. (Doc. 1). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Therefore, absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on July 6, 2004, the date petitioner signed it. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

In the petition, petitioner alleges three grounds for relief. (Doc. 1, pp. 5-6). He contends in Grounds One and Two that his murder conviction was "against the manifest weight of evidence" and was based on insufficient evidence. (*Id.,* p. 5). In Ground Three, petitioner claims that the trial court erred in permitting the testimony of a State witness who was belatedly disclosed to the defense. (*Id.,* p. 6). Petitioner's grounds for relief all involve allegations of error occurring during the trial proceedings. Petitioner cannot argue that the underlying factual bases of these claims could not have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts, because he presented these claims as assignments of error on direct appeal. (*See* Doc. 10, Ex. 8). Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on December 12, 2002, when the forty-five (45) day period expired for filing a timely appeal to the Ohio Supreme Court from the Court of Appeals' October 28, 2002 direct appeal decision. *See* Rule II, § 2(A)(1)(a), of the Rules of Practice of the Supreme Court of Ohio. The statute of limitations began running the following day on December 13, 2002, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one year later absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[1]

---

[1] In this case, petitioner filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court on November 4, 2003. (*See* Doc. 10, Exs. 11-12). Although arguably considered part of the direct review process, this motion, which was denied, did not cause the statute of limitations to begin running anew under 28 U.S.C. § 2244(d)(1)(A), but rather only could serve to toll its running. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001); *cf. Bronaugh,* 235 F.3d at 285-88 (involving application for delayed reopening of appeal); *but cf. Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sep. 2, 2003) (not published in Federal Reporter) (disregarding *Bronaugh* and holding that under an erroneous, but binding, prior Sixth Circuit published decision addressing the separate issue of waiver, *White v. Schotten,* 201 F.3d 743, 752-53 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the statute of limitations "begins to run anew at the conclusion of the 26(B) process" on delayed applications for reopening of the appeal); *Smith v. Ohio Dep't of Rehabilitation & Correction,* 331 F.Supp.2d 605, 616-17 (N.D. Ohio 2004) (noting that the answer to the question of whether an untimely-filed application for reopening under Ohio R.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, the statute of limitations ran for 326 days, and was tolled on November 4, 2003, when petitioner filed his motion for leave to file a delayed appeal with the Ohio Supreme Court. *See, e.g., Searcy,* 246 F.3d at 518-19. The statute began to run again on March 11, 2004, one day after the ninety-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's December 10, 2003 final order denying petitioner's motion for delayed appeal. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004). The one-year limitations period ended 39 days later on April 18, 2004, nearly three months before the instant petition was "filed" on July 6, 2004.

The statute of limitations may be equitably tolled in limited circumstances.

---

App. P. 26(B) delays the start of the running of the statute of limitations under § 2244(d)(1)(A), or merely tolls its running under § 2244(d)(2), "is in a state of flux").

*Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner has not attempted to apply the five *Dunlap* factors to this case. Petitioner does not argue and there is no evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Even assuming, *arguendo,* that he lacked such knowledge, it is well-settled that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.), *cert. denied,* 125 S.Ct. 200 (2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until July 2004 when he filed the instant petition.

In addition, petitioner has failed to demonstrate that he acted with due diligence in pursuing his state and federal remedies. Petitioner's only argument is that the Ohio Supreme Court did not rule on his motion for delayed appeal until "[t]wo to three days before the deadline for filing his habeas, leaving him with literally no time to successfully file his petition." (Doc. 13, Argument, p. 1). However, this contention fails to take into account that the statute of limitations was tolled or, in other words, did not run from November 4, 2003 (when petitioner filed his motion for delayed appeal with the Ohio Supreme Court) until ninety days after the Ohio Supreme Court issued its final order denying petitioner's motion for delayed

appeal. With 39 days remaining in the one-year limitations period, petitioner had a total of 129 days in which to timely file his federal habeas corpus petition after the Ohio Supreme Court's ruling. Therefore, petitioner has not demonstrated he is entitled to equitable tolling in this case under *Dunlap*.

Accordingly, in sum, the Court concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running on December 13, 2002 and expired on or about April 18, 2004 after taking into account tolling matters. The petition, "filed" at the earliest on July 6, 2004, was submitted nearly three months too late. No equitable tolling principles apply to permit review of petitioner's time-barred claims for relief. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 10) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice as time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 10) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling."[2]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,*

---

[2]Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in the petition. *See Slack,* 529 U.S. at 484.

117 F.3d 949, 952 (6th Cir. 1997).


Date:  8/26/2005               s/Timothy S. Hogan
    cbc                              Timothy S. Hogan
                                                           United States Magistrate Judge


J:\BRYANCC\2005 habeas orders\04-542mtd-sol.grant.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Steven K. Wilson,
    Petitioner,

                                     Case No. 1:04cv542
    v.                                  (Spiegel, Sr.J.; Hogan, M.J.)

Ernie Moore,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br>Steven K Wilson<br>419426<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0783 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |