```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

```
STEVEN K. WILSON              :     NO. 1:04-CV-542
                              :
        Petitioner,           :
                              :     OPINION AND ORDER
    v.                        :
                              :
                              :
ERNIE MOORE,                  :
                              :
        Respondent.           :
```

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (doc. 14) and the Petitioner's Objections to the Report and Recommendation (doc. 17).

Petitioner Steven K. Wilson ("Wilson") is an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio (doc. 14). Wilson was convicted of murder with firearm specification and was sentenced to consecutive terms of imprisonment of fifteen years to life for the murder offense and three years on the firearm specification (Id.). Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Id.).

The Magistrate Judge issued his Report and Recommendation on August 26, 2005 (doc. 14). First, he recommended that Respondent's motion to dismiss be granted and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be dismissed with prejudice as time-barred under 28 U.S.C. §2244(d)

1

(Id.). Second, he recommended a certificate of appealability not issue with respect to any order adopting the Report and Recommendation to dismiss the Petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "'jurists of reason' would not find it debatable whether this Court is correct in its procedural ruling." Lastly, he recommends the Court certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in "good faith" and, therefore, deny Wilson leave to proceed on appeal in forma pauperis upon a showing of financial necessity (Id.).

On February 5, 2002 Wilson was convicted for murder with firearm specification in the Court of Common Pleas, Butler County, Ohio (doc. 14). With the assistance of trial counsel, Petitioner timely appealed his conviction to the Ohio Court of Appeals, Twelfth Appellate District (Id.). On October 28, 2002, the Ohio Court of Appeals issued an opinion and judgment entry affirming the trial court's judgment (Id.). Over one year later, on November 4, 2003, Wilson filed a pro se notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court (Id.). On December 10, 2003 the Ohio Supreme Court denied Wilson's motion for delayed appeal and dismissed the appeal without opinion (Id.). The petition for a writ of habeas corpus was signed

by Wilson on July 6, 2004 and was stamped as "filed" on July 26, 2004 (Id.). According to Houston v. Lack, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. See e.g. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999); Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 376-77 (5th Cir. 1998); Burns v. Morton, 134 F.3d 109, 112-13 (3rd Cir. 1998); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). In the instant case, as the Magistrate Judge notes, the record does not reflect the actual date Wilson provided his petition to prison authorities for mailing (doc. 14). Absent such evidence, the Magistrate Judge assumes the petition was delivered to prison authorities and, therefore, "filed" on the date Wilson signed his petition (i.e., July 6, 2004) (Id.).

Wilson's petition alleges three grounds for relief (doc. 14). In Grounds One and Two Wilson contends his murder conviction was "against the manifest weight of evidence" and was based on insufficient evidence (Id.). In Ground Three Wilson claims the trial court erred in permitting the testimony of a State witness who was belatedly disclosed to the defense (Id.). Wilson's grounds for relief all involve allegations of error occurring during the trial proceedings (Id.). Wilson cannot argue that the underlying factual bases of these claims could not have been

3

discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts, because he presented these claims as assignments of error on direct appeal (Id.).  Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review (Id.).

Based on the present record, Wilson's conviction became "final" for statute of limitations purposes on December 12, 2002, at the expiration of the forty-five day period for filing a timely appeal from the Court of Appeals' October 28, 2002 direct appeal decision to the Ohio Supreme Court (doc. 14 citing Rule II, § 2(A)(1)(a), of the Rules of Practice on the Supreme Court of Ohio).  The statute of limitations began running on December 13, 2002 and ended one year later absent the tolling provision of 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles (Id. citing Fed. R. Civ. P. 6(a); Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000)).  During the one-year limitations period, Wilson was entitled to the benefits of the tolling provision in 28 U.S.C. § 2244(d)(2) based on any "properly filed" applications for state post-conviction relief or other collateral review (Id. citing Bennett v. Artuz, 199 F.3d 116, 119 (2nd Cir. 1999), aff'd, 531 U.S. 4 (2000); cf. Morris v. Bell, 124 F.3d (table), No. 96-5510, 1997

4

WL 560055, at *3 (6th Cir. Sept. 5, 1997)(unpublished), cert. denied, 522 U.S. 1149 (1998)).  However, the tolling provision does not revive the limitations period by restarting the clock at zero; it can only serve to pause a clock that has not yet fully expired (Id. citing Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  State collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired (Id. citing Rashid, 991 F. Supp. At 259).

In this case, the statute of limitations ran for 326 days before being tolled on November 4, 2003, when Wilson filed his motion for leave to file a delayed appeal with the Ohio Supreme Court (doc. 14).  The statute began to run again on March 11, 2004, after the expiration of the ninety-day period for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's December 10, 2003 final order denying petitioner's motion for delayed appeal (Id. citing Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003)(en banc), cert. denied, 541 U.S. 1070 (2004)).  The one-year statute of limitations period ended on April 18, 2004, nearly three months before the instant petition was "filed" on July 6, 2004 (Id.).

The statute of limitations may be equitably tolled in limited circumstances (doc. 14 citing Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.), cert. denied, 534 U.S. 1057.  To determine whether the statute should be equitably tolled, the court

must consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim (Id. citing Dunlap, 250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).

In his Report and Recommendation, the Magistrate Judge states Wilson did not attempt to apply the five Dunlap factors to his case (doc. 14). Wilson does argue, however, that the Ohio Supreme Court did not rule on his motion for delayed appeal until "[t]wo to three days before the deadline for filing his habeas, leaving him with literally no time to successfully file his petition" (Id.). As the Magistrate Judge points out, this argument fails to take into account the tolling of the statute of limitations when Wilson filed his motion for delayed appeal with the Ohio Supreme Court (Id.). After the Ohio Supreme Court's ruling, Wilson had 129 days to timely file his federal habeas corpus petition (Id.). Therefore, the Magistrate Judge concludes, petitioner has not demonstrated he is entitled to equitable tolling in this case pursuant to Dunlap (Id.).

In his objections, Wilson argues it is "self-evident" he has met the Dunlap factors (doc. 17). The party seeking avoidance of the statute of limitations has the burden of

6

proof to establish why the statute should not apply; "all presumptions are against him, since his claim to exemption is against the current of the law and is founded on exceptions" <u>Akron Presform Mold Co. V. McNeil Corp.</u>, 496 F.2d 230, 233 (6th Cir. 1974). Equitable tolling should be used sparingly. <u>Cook v. Stegall</u>, 295 F.3 517, 521 (6th Cir. 2002). To show that extraordinary circumstances prevented petitioner from filing his habeas petition on time, petitioner must prove the cause of his delay "was both beyond his control and unavoidable even with diligence." <u>Hizbullahankhamon v. Walker</u>, 105 F.Supp.2d 339, 344 (S.D.N.Y. 2000). <u>See also</u> <u>Archer v. Sullivan</u>, 129 F.3d 1263, 1997 WL 720406, *3 (6th Cir. 1997)(unpublished table decision), <u>citing</u> <u>Cada v. Baxter Healthcare Corp.</u>, 920 F.2d 446, 451 (7th Cir. 1990). Additionally, "ignorance of the law alone is not sufficient to warrant equitable tolling." <u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir.), <u>cert. denied</u>, 125 S.Ct. 200 (2004)(quoting <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In Petitioner's Objections, Wilson argues it is "self-evident" he met the <u>Dunlap</u> factors because if he would have known the filing deadlines he would have timely filed each appeal (doc. 17). However, the Court finds this argument is without merit. Ignorance of the law is not sufficient to equitably toll the statute of limitations, and Wilson must show the cause of the delay was beyond his control. A mere assertion that Wilson would

7

have timely filed an appeal if he had known of the filing deadline is insufficient to meet the petitioner's burden of proof.

In his objections, Wilson also argues that although he is not "actually innocent" of a crime, he is innocent of a purposeful crime and should be able to rely on Murry v. Carrier, 477 U.S. 478 (1986).  A tolling of the statute of limitations is permitted where a petitioner can make a credible showing of actual innocence.  Schlup v. Delo, 513 U.S. 298 (1995).  Wilson was found guilty by a jury, of murder with firearm specification (doc. 17). The Court does not find Wilson's argument well taken because Wilson offers no reason to extend the actual innocence doctrine to include innocence of a purposeful crime, and, further, has not claimed actual innocence.

Pursuant to 28 U.S.C. §636(b), the Court has reviewed the Report and Recommendation de novo, finding it both thoughtful and proper.  Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds it to be well-reasoned and thorough.  Accordingly, the Magistrate Judge's Report and Recommendation (doc. 14) is hereby ADOPTED IN ITS ENTIRETY. Petitioner Steven K. Wilson's Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED WITH PREJUDICE.  Issuance of a certificate of appealability of this Order pursuant to 28 U.S.C. § 2253(c) is DENIED.  The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may not

be taken in good faith; leave to proceed <u>in forma pauperis</u> on appeal is therefore DENIED.

    SO ORDERED.


Dated: November 30, 2005    <u>s/S. Arthur Spiegel          </u>

                                        S. Arthur Spiegel  
                                        United States Senior District Judge